Based upon a review of the record herein and arguments of counsel, the undersigned makes the following
FINDINGS OF FACT
1. This claim was commenced when the plaintiff filed a Form 18 on or about September 19, 1991 and a Form 33 Request for Hearing on or about November 26, 1991.
2. A hearing was held before Deputy Commissioner Morgan S. Chapman on July 16, 1992 and an Opinion and Award was entered on January 15, 1993 finding the plaintiff's injury of February 14, 1991 and a subsequent injury on July 16, 1991 were compensable.
3. In Finding of Fact Number 13, Deputy Commissioner Chapman found that "Defendant has alleged that it should be given credit for disability payments, but there is no evidence on that issue.
4. The defendant appealed to the Full Commission on February 1, 1993.
5. As admitted in Paragraph 1 of its Motion for Reconsideration, the defendant argued the issue of a set-off for short term disability benefits in its brief before the Full Commission but again offered no evidence on this issue and did not request that the record be reopened for receipt of additional evidence.
6. A hearing before the Full Commission was held on March 18, 1994. Counsel for defendant did not appear. The Opinion and Award for the Full Commission, by Chief Deputy Commissioner (now Commissioner) Dianne C. Sellers, affirming the Deputy Commissioner's finding of compensability and refusing to allow a set-off, was entered on April 4, 1994. Defendant has not appealed this decision to the North Carolina Court of Appeals.
7. Defendant has consistently denied liability for plaintiff's injuries and has paid no workers' compensation benefits to plaintiff as ordered by the Full Commission in its April 4, 1994 Opinion and Award.
8. Instead of filing an appeal to the North Carolina Court of Appeals, on April 15, 1994, the defendant attempted to relitigate before the deputy commissioner the issue that the Full Commission had just decided. Defendant filed a Form 33 request for hearing stating that, "The I.C. did not compute and the plaintiff will not agree to the short term disability set-off of $6,902.72."
9. A pre-trial conference was held on the matter before Deputy Commissioner Joey Barnes on July 21, 1994 in Asheville.
10. A hearing on the matter was set before Deputy Commissioner Gregory Willis on December 5, 1994. Deputy Commissioner Willis declined to rule on defendant's request and placed the matter on the Full Commission hearing docket for reconsideration of whether defendant should be granted a set-off.
11. On or about December 14, 1994, the defendant by and through its counsel, Richard Griffin, filed a Motion for Reconsideration of Short Term Disability Set-off before the Full Commission with an affidavit in support of the amount of set-off claimed. On or about January 20, 1995, plaintiff filed a motion asking that the defendant's motion be dismissed without hearing and seeking attorney fees. Plaintiff's motion was denied at that time.
12. Oral arguments were presented before the full Commission on March 2, 1995. At said time, counsel for the defendant admitted that contrary to the express order of this Commission, no payments of past due workers' compensation benefits had been made to the plaintiff or to her health care providers.
13. Counsel for defendant argued that the defendant's willful failure to obey the Order of the Commission for eleven months was based upon his (counsel's) belief that defendant was excused from complying with the Commission's Order because it may be entitled to a subrogation interest in the monies recovered by the plaintiff from the third party tortfeasor. In that this has always been a denied claim, the issue of subrogation can not be addressed until liability is finally determined.
14. At no time has the defendant filed a motion with the Commission asking that it be excused from complying with the April 4, 1994 award of the Industrial Commission directing it to pay the temporary total disability benefits and medical compensation to plaintiff or that the award be stayed pending resolution of the issue of subrogation credit.
15. According to counsel for plaintiff, unpaid wage benefits due the plaintiff under N.C. Gen. Stat. § 97-29 currently exceed $33,027.99. In addition, there may be health care providers to be paid or a health insurance company to be reimbursed.
16. At oral argument, counsel for the defendant conceded that he has no reason to expect that the plaintiff will ever be able to work again.
17. The plaintiff was entitled to five and four/sevenths (5 4/7ths) weeks of compensation ($1,000.35) for temporary total disability prior to the accident involving the third party which has never in any way been subject to any claim for subrogation credit by the defendant. Counsel for defendant concedes that the defendant has not paid those monies to plaintiff.
18. The defendant's pursuit of a new hearing before the Deputy Commissioner through the Form 33 Request for Hearing after the Full Commission rendered a decision on April 4, 1994 constitutes the bringing and prosecuting of a claim by the defendant without reasonable grounds under N.C. Gen. Stat. § 97-88.1.
19. Counsel for the plaintiff reasonably expended four (4) hours in attending the pre-trial conference scheduled on defendant's "appeal" which was held before Deputy Commissioner Joey Barnes.
20. Counsel for the plaintiff reasonably expended still more time thereafter inasmuch as the defendant did not withdraw its request after the pre-trial discussion with Deputy Commissioner Joey Barnes. Another four (4) hours of attorney time was reasonably required by plaintiff's counsel to attend the hearing held on defendant's "appeal" in this matter on December 5, 1994 before Deputy Commissioner Greg Willis pursuant to the defendant's Request for Hearing.
21. Finally, twelve (12) hours of attorney time was reasonably expended to drive the 300 miles between Sylva (where the plaintiff's attorney practices and the county seat of the county in which the accident occurred) and Raleigh where oral arguments were held on defendant's Motion for Reconsideration before the Full Commission. An additional four (4) hours of attorney time was reasonably expended on this matter on the day of the hearing from 8:30 a.m. to 12:30 p.m. in preparing for, awaiting and delivering oral argument before the Full Commission. Thus, a total of twenty-four (24) hours have been reasonably expended by plaintiff's counsel in responding to defendant's "appeal" more recently denominated as a Motion for Reconsideration of Claim for Set-off of Benefits.
22. The appropriate hourly wage for an attorney practicing thirteen (13) years, as has Richard Harper, plaintiff's counsel, would be at least $90.00 per hour.
23. Because defendant's appeal of the Deputy Commissioner's Opinion and Award resulted in an ultimate award to the plaintiff, she is entitled to interest on the award from the date of the initial hearing on the matter, July 16, 1992, at the legal rate of interest provided in N.C. Gen. Stat. § 24-1, eight percent (8%), until paid. Despite plaintiff's attorney's necessary role in obtaining interest for his client on said award, N.C. Gen. Stat. § 97-86.2 provides that the interest paid shall not be a part of, or in any way increase attorney's fees but shall be paid in full to the claimant.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact, the undersigned makes the following
CONCLUSIONS OF LAW
1. Defendant's Motion for Reconsideration of the April 4, 1994 decision of the Full Commission was not timely filed. Defendant has not otherwise presented grounds in support of relief from judgment.
2. Defendant failed to appeal the question of its entitlement to a set-off for disability benefits within thirty days of receipt of the April 4, 1994 Opinion and Award for the Full Commission to the North Carolina Court of Appeals. Defendant has never filed a Notice of Appeal to the North Carolina Court of Appeals from said ruling.
3. Since an appeal was not filed within the time prescribed by law, the Opinion and Award of the Full Commission entered April 4, 1994 is final and binding including the decision not to allow a set-off for short term disability compensation paid to plaintiff under a disability plan.
4. Defendant has offered no evidence justifying its failure to pay the compensation due the plaintiff under the Opinion and Award for the Full Commission dated April 4, 1994.
5. The defendant has willfully ignored the Order of the Commission to pay compensation and has not sought a stay of said Order pending resolution of the issue of what subrogation rights or lien, if any, it may have to monies obtained, or to be obtained by the plaintiff from a third party tortfeasor.
6. N.C. Gen. Stat. § 97-18(e) provides that if any installment of compensation payable in accordance with an award of the Commission is not paid within fourteen (14) days after it becomes due as provided in N.C. Gen. Stat. § 97-18(c), there shall be added to such unpaid installment an amount equal to ten per centum (10%) thereof, which shall be paid at the same time as, but in addition to, such installment unless such nonpayment is excused by the Commission after a showing by the employer that owing to conditions over which it had no control, such installment could not be paid within the period prescribed for the payment. Defendants owe a ten percent (10%) penalty to plaintiff.
7. The defendant's pursuit of the Form 33 "appeal" of the final Order of the Commission on April 4, 1994 constitutes a claim that has been brought, and prosecuted by the defendant without reasonable grounds. N.C. Gen. Stat. § 97-88.1.
8. Counsel for the plaintiff has reasonably expended a total of twenty-four hours in responding to defendant's "appeal" more recently denominated as a Motion for Reconsideration of Claim for Set-off of Benefits.
9. The appropriate hourly wage for an attorney practicing thirteen years, as has Richard Harper, plaintiff's counsel, would be at least $90.00 per hour.
10. Defendant is liable to plaintiff's counsel for $2,160.00 in attorney's fees for time necessary in defending against the Form 33 "appeal" of the final Order of the Commission on April 4, 1994 which was brought, and prosecuted by the defendant without reasonable grounds. N.C. Gen. Stat. § 97-88.1.
11. The plaintiff is entitled to interest on the award from the date of the initial hearing on the matter, July 16, 1992 at the legal rate of interest provided in N.C. Gen. Stat. § 24-1, eight percent (8%), until paid. Despite plaintiff's attorney's crucial role in obtaining interest for his client on said award, N.C. Gen. Stat. § 97-86.2 provides that the interest paid shall not be a part of, or in any way increase attorney's fees but shall be paid in full to the claimant.
* * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, IT IS THEREFORE ORDERED that:
1. Defendant's Motion for Reconsideration of Short Term Disability Set-off should be and is hereby DISMISSED.
2. Defendant shall immediately pay all compensation due the plaintiff, subject to the attorney's fees of twenty-five percent previously approved in the Opinion and Award for the Full Commission entered on April 4, 1994.
3. Defendant shall immediately pay a ten percent (10%) penalty on all unpaid wage benefits due under the Opinion and Award for the Full Commission entered on April 4, 1994. Said penalty shall be subject to the attorney's fee of twenty-five percent previously approved.
4. Defendant shall immediately pay interest at the rate of eight percent (8%) on all monies due under the Opinion and Award for the Full Commission entered on April 4, 1994. Interest shall accrue from the July 16, 1992 date of hearing. Said interest payment shall not be subject to any attorney's fees and all such interest shall be paid directly to the plaintiff.
5. Defendant shall immediately pay to plaintiff's counsel attorney's fees in the amount of $2,160.00 for the expense of this "appeal" to the Full Commission pursuant to N.C. Gen. Stat. § 97-88
and for defending this claim before the deputy commissioner as this claim was brought without reasonable grounds.
6. Defendant shall otherwise comply with the terms and conditions of the Opinion and Award for the Full Commission entered on April 4, 1994.
7. Defendant shall pay the costs due this Commission.
8. Should defendant appeal from this Order, no stay of payments ordered herein or by previous Order of the Industrial Commission is ALLOWED.
 S/ _____________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _____________________________ JAMES J. BOOKER COMMISSIONER
S/ _____________________________ NEILL FULEIHAN DEPUTY COMMISSIONER